IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 20-74-RGA |
| DARIN COPELAND., | : | |
| Defendant. | : | |

MEMORANDUM ORDER

Defendant filed a motion to suppress (D.I. 28), and there has been a response and a reply (D.I. 31, 35).  The parties dispute whether an evidentiary hearing is necessary.  I think it is,[1] and the Court will set a date for that hearing.  I think the hearing will proceed more smoothly if I identify the factual issues to be determined at the hearing.

In the motion to suppress, Defendant raises three issues: (1) the search of the Pacifica resulting in the seizure of 24 bags of heroin and .22 caliber Ruger rifle was not a valid inventory search (D.I. 28 at 6 to 11); (2) the search of Defendant at the hospital resulting in the seizure of five bags of heroin and a car key was not a search incident to arrest (*id*. at 11-12);[2] and (3) the

---

[1] The two Third Circuit cases that prior decisions of this court have relied upon to deny an evidentiary hearing related to motions that were not motions to suppress.  I am not as convinced that the two Third Circuit cases stand for the proposition that on a motion to suppress no evidentiary hearing is necessary unless Defendant alleges a disputed material fact.  Defendant can put the Government to its proof.

[2] I originally read Defendant's motion as seeking to suppress the fruits of the search of Defendant's person.  But the Government did not. (D.I. 31 at 16).  Presumably that is at least in part because the caption of the argument in the motion to suppress limits the motion to the shoulder bag. (D.I. 28 at 11).  In reply, the caption is changed to include the search of his person, although the argument still mostly or perhaps entirely relates to the bag. (D.I. 35 at 9).  I

search of Defendant's shoulder bag at the hospital resulting in the seizure of 42 bags of heroin and 4 grams of crack cocaine was not a search incident to arrest (*id.*).[3]

The Government responds that: (1) Defendant does not have "standing" to contest of the search of the Pacifica that he "illegally" drove; (2) the search of the Pacifica was valid as an inventory search or as an automobile search (and on a number of other theories that the Government concedes would require a hearing, identified as (a) Defendant abandoned the car and lost any reasonable expectation of privacy; (b) search incident to arrest; and (c) plain view); and (3) the search of the bag at the hospital was a search incident to arrest. In reply, Defendant contests the additional theories the Government asserts.

The Government says, and Defendant seems to agree (D.I. 35 at 9), that the Pacifica was a rented vehicle. No one says to whom it was rented, or, assuming the renter was not Defendant, what that person's connection, if any, to Defendant was. I think it is Defendant's burden to show that he was in lawful possession of the Pacifica. I think by "lawful possession," what is meant is that the Pacifica was not stolen or, maybe, obtained by fraud. *See Byrd v. United States*, 138 S.Ct. 1518, 1529-30 (2018). The Second Circuit's decision cited by the Government, *United States v. Lyle*, 919 F.3d 716, 729-30 (2d Cir. 2019), appears to support the Government's position that being "unlicensed" is, at least, a factor in deciding a defendant lacks standing in a rental vehicle because his possession would probably be unlawful. But I am not convinced at this

---

am giving Defendant the benefit of the doubt that he is challenging the search of his person too. The parties should meet and confer before the evidentiary hearing and decide whether Defendant is really pursuing the search of his person. Whatever the result, I would appreciate being advised before the hearing.

[3] Defendant does not seek to suppress the seizure of a handgun during a chase. (D.I. 31 at 3 n.3.

stage that all the Government has to do is show Defendant lacked a valid license in order to show a lack of standing.

Even though it is Defendant's burden to show standing, and there is no hint in the motion as to how Defendant will meet that burden, I think that it would be better to have a hearing and give Defendant an opportunity to make a record on "standing" as it relates to the search of the Pacifica. The Supreme Court's decision is relatively new, and the Government does not cite a Third Circuit case applying it.

On the other issues raised, the Government has the burden of proof. I do not think citing to police reports or recordings means that Defendant has to proffer evidence in order to have a hearing. Defendant has identified his theories;[4] the Government has identified its theories. Absent either agreement of the parties, or a ruling by me, the parties are limited to the theories they have so far set forth. We will have a hearing and develop a record in connection with those theories.

IT IS SO ORDERED this 12th day of August 2021.

/s/ Richard G. Andrews
United States District Judge

---

[4] I think Defendant's reply effectively concedes that the Government is correct in asserting that an officer's motivation for doing an inventory search does not invalidate the inventory search if the search otherwise complies with the requirements for a valid inventory search. *See United States v. Mundy*, 621 F.3d 283, 294 (3d Cir. 2010).