IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DARIN COPELAND,<br><br>Defendant. | Criminal Action No. 20-74-RGA |

MEMORANDUM ORDER

In connection with the suppression motion (D.I. 28), we had two days of testimony and argument after the second day's testimony.

I made tentative findings of fact after the first day's testimony (D.I. 50 at 91:16–92:25), which I adopted as final findings of fact after the second day's testimony. (Nov. 19, 2021 Tr. at 166:14–167:13).

The only live issues by the end of the hearing were whether the search of Defendant's person and fanny pack were permissible as searches incident to arrest. I conclude that they were.

Both searches took place at the hospital, where Defendant had been taken (pursuant to policy) for treatment in light of his having been bitten by a police canine. (D.I. 50 at 92:6–8, 11–18). Most of the time between his arrest by the side of Route 13—a major roadway in New Castle County—was taken up with his transport from that location to the hospital. (*Id.* at 92:4–11, 22–25). I do not find the lapse in time—about fifteen minutes—between when he was first arrested and when he was searched at the hospital to have rendered the searches as not being incident to arrest. *See United States v. Edwards*, 415 U.S. 800, 803–05 (1974) ("[R]easonable delay in effectuating [a search incident to arrest] does not change the fact that [Defendant] was no more imposed upon than he could have been at the time and place of the arrest or immediately

1

upon arrival at the place of detention."). The fifteen-minute delay between Defendant's arrest and the search was reasonable considering the location of the arrest and the concerns to Defendant's health and safety.

Once it is determined that the searches were searches incident to arrest, there can be no further argument about the search of Defendant's person, which recovered a key and some bags of suspected heroin. (D.I. 50 at 92:16–18). Defendant argues that the search of the fanny pack, which recovered additional bags of suspected heroin and a bag of suspected crack cocaine (*id.* at 92:19–22), was not incident to arrest, but it is undisputed that the fanny pack was strapped to Defendant's chest at the time of the search. (*Id.* at 52:19–20, 54:13–18, 55:1–10; Nov. 19, 2021 Tr. at 166:16–21); *see Curd v. City Ct. of Judsonia*, 141 F.3d 839, 843 (8th Cir. 1998) ("[S]earches of the person and articles 'immediately associated with the person of the arrestee,' are measured with a different, more flexible constitutional time clock.").

It is true that Defendant was handcuffed and in police custody at the time of the search. (D.I. 50 at 50:25–51:2). The search incident to arrest doctrine is concerned with preventing access to weapons and destruction of evidence. Such concerns remain even for a handcuffed person in police custody. *See United States v. Shakir*, 616 F.3d 315, 320–21 (3d Cir. 2010).[1] In addition, the concerns are heightened when the arrestee is about to interact with medical personnel for possible treatment for injuries. Thus, I find the search incident to arrest doctrine justified the searches.

---

[1] Defendant cites *United States v. Davis*, 997 F.3d 191 (4th Cir. 2021), in support of his argument. I note that factually, *Shakir* is closer to the instant case. In terms of analysis, I note that *Davis* seems to give greater weight to the handcuffed status of the defendant than *Shakir* did. Here, unlike *Davis* and like *Shakir,* there was reason to believe at the time of the search that Defendant could access the fanny pack, as it was on his person.

Defendant argued that there was no evidence about what kind of search, if any, was done of Defendant when he was by the side of Route 13.  I think Defendant is right that there is no direct evidence, but the circumstantial evidence strongly indicates that, at most, he was patted down for weapons.  The fact that he had suspected heroin on his person and suspected heroin and crack cocaine in his fanny pack convinces me that he was not searched incident to arrest (as opposed to patted down for weapons) at Route 13, because the police could hardly have missed all of the heroin and cocaine if a search had been conducted.[2]  Thus, I find that he was not searched incident to arrest by the side of the road.  But, even if he had been, the searches Officer Phelps performed at the hospital would have been justified as searches incident to arrest.

Thus, for the above reasons, the suppression motion (D.I. 28) is DENIED.

/s/ Richard G. Andrews  
United States District Judge

---

[2] At the second hearing, I stated, "I don't think anybody has proved that [Defendant] was or was not searched by the side of the road." (Nov. 19, 2021 Tr. at 167:9–10).  I made this conclusion based on the absence of direct evidence.  Now that I have considered the entire record and thought about the circumstantial evidence, it is clear to me (and I so find) that Defendant was not searched by the side of the road.